IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LATRON CROSS, #M18686, )<br>)<br>       **Plaintiff,** )<br>)<br>vs. )<br>)<br>WEXFORD HEALTH SOURCES, INC., )<br>LATOYA HUGHES, )<br>ILLINOIS DEPT. OF CORRECTIONS, )<br>MENARD CORRECTIONAL CENTER, )<br>ANTHONY WILLIS, )<br>KELLEY PIERCE, )<br>JACOB GUETERSLOH, )<br>N.P. MOLDENHAUER, )<br>CONNIE DOLCE, )<br>NURSE AMANDA, )<br>SGT. JOHN DOE 1, )<br>LT. JOHN DOE 2, )<br>LT. JOHN DOE 3, )<br>C/O JOHN DOE 4, )<br>C/O JOHN DOE 5, )<br>NURSE JANE DOE 1, )<br>and NURSE JANE DOE 2, )<br>)<br>       **Defendants.** ) | Case No. 25-cv-00423-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

      Plaintiff Latron Cross, an inmate in the Illinois Department of Corrections, filed this action pursuant to 42 U.S.C. § 1983 for constitutional deprivations stemming from allegedly unconstitutional conditions of confinement at Menard Correctional Center. He seeks declaratory, monetary, and injunctive relief.[1] The Complaint is subject to review under 28 U.S.C. § 1915A,

---

[1] Plaintiff seeks injunctive relief consisting of an order requiring installation of working fire alarms, smoke detectors, and sprinklers in the inmate living areas in Menard's North 2 Segregation Unit. Because the Complaint does not mention a request for preliminary injunctive relief or a temporary restraining order pursuant to Federal Rule of Civil Procedure 65, the Court construes Plaintiff's request as one for permanent injunctive relief *at the close of the case*. If he desires interim relief, Plaintiff may file a Rule 65 Motion for TRO and/or Preliminary Injunction.

1

which requires the Court to screen and dismiss portions that are legally frivolous or malicious, fail to state a claim for relief, or request money damages from an immune defendant. *Id*.

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 7-26): Plaintiff sustained injuries to his back during a stabbing incident in 2008 or 2009. *Id*. at 12-13.[2] During his subsequent incarceration at Menard, Nurse Practitioner Moldenhauer prescribed him a 60-day supply of Tylenol (500 mg) on April 6, 2023. He never received it. N.P. Moldenhauer was aware Plaintiff also needed Robaxin or Naproxen but failed to prescribe either medication. *Id*.

From mid-April 2023 until mid-October 2023, Plaintiff made daily complaints about the denial of this medication to Warden Willis, N.P. Moldenhauer, Nurse Dolce, Nurse Amanda, Nurse Jane Doe 1, Nurse Jane Doe 2, and Wexford Health Sources, Inc. *Id*. at 14. Plaintiff sent grievances to Grievance Officer Kelly Pierce. He also submitted an emergency grievance to Warden Willis on July 7, 2023. The defendants knew, or should have known, there was no system for tracking inmate medications. *Id*. at 14-15. Even so, they took no steps to address the issue. Plaintiff did not receive medication until mid-August, when he was given Naproxen. *Id*.

Plaintiff noticed that working fire alarms, smoke detectors, and sprinklers were missing from inmate cells and living areas in Menard's North 2 Segregation Unit on or around February 9, 2023. *Id*. at 17. IDOC Director Hughes, Warden Willis, Grievance Officer Pierce, Grievance Officer Guetersloh, Sergeant John Doe 1, Lieutenant John Doe 2, Lieutenant John Doe 3, C/O John Doe 4, and C/O John Doe 5 all knew, or should have known, that this posed an obvious risk of serious harm to inmates, but they took no steps to install fire alarms, smoke detectors, or sprinklers. *Id*. at 18.

---

[2] Plaintiff does not describe his injuries or the care they necessitated.

On November 21, 2023, an inmate set fire to himself and his cell around 6:20 p.m. in 3 Gallery of Menard's North 2 Segregation Unit. *Id*. at 19. At the time, Plaintiff was asleep in Cell 338 of 3 Gallery. As he continued to sleep, Plaintiff's cell began filling with toxic smoke. Around 7 p.m., he awoke and discovered his cell filled with suffocating and toxic smoke. Plaintiff began vomiting until he lost consciousness. For more than an hour after the fire was put out, Defendants John Doe 1-5 left the inmates in their cells. Around 9 or 9:30 p.m., Defendants Warden Willis, John Doe 1-5, and Nurse Morgan refused Plaintiff's request for medical care for his smoke-related injuries. *Id*. at 20. Nurse Morgan admitted that she was only there to "cover the officers (sic) asses" and said that nobody would receive medical attention unless someone died and a doctor "ha[d] to call it (death)." *Id*.

Based on Plaintiff's allegations, the Court designates the following claims in the *pro se* Complaint:

**Count 1:** Eighth Amendment claim against Defendants Wexford, Willis, Pierce, Moldenhauer, Dolce, Amanda, Nurse Doe 1, and Nurse Doe 2 for denying Plaintiff pain relievers (Tylenol, Naproxen, and Robaxin) from April 2023 until August 2023.

**Count 2:** *Monell* claim against Defendants for the policy, custom, or practice of failing to track inmate medication, resulting in a denial of Plaintiff's access to pain relievers (Tylenol, Naproxen, and Robaxin) from April 2023 until August 2023.

**Count 3:** Eighth Amendment claim against Defendants Hughes, Willis, Pierce, Guetersloh, Sergeant Doe 1, Lieutenant Doe 2, Lieutenant Doe 3, C/O Doe 4, and C/O Doe 5 for subjecting Plaintiff to unsafe living conditions in Menard's North 2 Segregation Unit by failing to install working fire alarms, smoke detectors, or sprinklers in inmate cells and living areas and causing his exposure to toxic smoke during a fire on November 21, 2023.

**Count 4:** *Monell* claim against Defendants for the policy, custom, or practice of failing to ensure that working fire alarms, smoke detectors, and sprinklers were placed near inmate living areas in Menard's North 2 Segregation Unit resulting in Plaintiff's exposure to smoke on November 21, 2023.

> **Count 5:** Eighth Amendment claim against Defendants Sergeant Doe 1, Lieutenant Doe 2, Lieutenant Doe 3, C/O Doe 4, and C/O Doe 5 and Warden Willis, for denying Plaintiff's request for treatment of smoke-related injuries following a fire in Menard's North 2 Segregation Unit on November 21, 2023.

Any other claim mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face").

### **Preliminary Dismissals**

Although Nurse Morgan is mentioned in the statement of claim, Plaintiff does not identify this individual as a defendant in the Complaint. Therefore, the Court will not treat Nurse Morgan as a party. All claims against Nurse Morgan are considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties").

The Illinois Department of Corrections and Menard Correctional Center are also named as defendants in the Complaint. Neither entity is considered a "person" subject to suit under 42 U.S.C. § 1983. *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). Additionally, these agencies cannot be sued for prospective relief in federal court. *Quick v. Ill. Dep't of Fin. & Prof'l Regulation*, 468 F. Supp. 3d 1001, 1009 (N.D. Ill. June 23, 2020) (collecting cases). Thus, The Illinois Department of Corrections and Menard Correctional Center will be dismissed with prejudice.

## Discussion

### Count 1

To state a claim for the denial of medical care in violation of the Eighth Amendment, Plaintiff must plead facts suggesting he suffered from an objectively serious medical need and that each defendant responded with deliberate indifference. *Roe v. Elyea,* 631 F.3d 843, 857 (7th Cir. 2011). An objectively serious medical condition involves chronic or substantial pain or significantly impacts a plaintiff's daily activities. *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997); *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010). Deliberate indifference is shown by a defendant who knowingly disregards a serious medical condition or persists in a course of treatment known to be ineffective. *Conley v. Birch*, 796 F.3d 742, 747 (7th Cir. 2015).

The Complaint does not describe an objectively serious medical need. Plaintiff vaguely alludes to a back injury he sustained in a stabbing incident in 2008 or 2009. He offers no information about the nature of his initial injuries or any treatment he received. Nor does he provide any details about lingering injuries, ongoing pain, or additional treatment he needed 15 years later. Absent this information, Plaintiff's complaint about a 4-month denial of pain relievers in 2023 does not satisfy the objective component of his Eighth Amendment claim. As such, Count 1 will be dismissed without prejudice.

### Count 2

The *Monell* claim asserted in Count 2 arises from the same set of facts that support Count 1. Because Plaintiff failed to articulate a viable claim in Count 1, his related policy claim in Count 2 will also be dismissed without prejudice.

### Count 3

Prison officials violate the Eighth Amendment when they exhibit deliberate indifference to conditions of confinement that deny inmates "the minimal civilized measure of life's necessities,"

including adequate food, shelter, clothing, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To state a colorable claim, a plaintiff must set forth factual allegations suggesting that each defendant knew of and disregarded a substantial risk of serious harm posed by the constitutionally objectionable living condition. *Id*. at 847.

Here, Plaintiff complains about a lack of working fire alarms, smoke detectors, and sprinklers. He does not indicate who was responsible for installing or maintaining them and whether he notified the responsible individual(s) about any broken, malfunctioning, or missing devices in Menard's North 2 Segregation Unit. He asserts only that *he* noticed them prior to the fire and lists prison officials who "knew or should have known" about them. His allegations are conclusory and at most describe negligence, which does not rise to the level of an Eighth Amendment violation.

Moreover, §1983 liability hinges on personal involvement in the constitutional deprivation. *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005). A "causal connection" or "affirmative link" between the misconduct and the official sued is necessary. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). Plaintiff has shown no connection between the defendants and the failure to install and maintain functioning first alarms, smoke detectors, or sprinklers. Count 3 will be dismissed without prejudice for failure to state a claim about exposure to unconstitutional conditions of confinement.

### Count 4

The *Monell* claim asserted in Count 4 hinges on the underlying Eighth Amendment claim in Count 3. Because the allegations articulate no underlying claim, Count 4 will be dismissed without prejudice for failure to state a claim.

## Count 5

Plaintiff states a colorable an Eighth Amendment deliberate indifference claim against Sergeant Doe 1, Lieutenant Doe 2, Lieutenant Doe 3, C/O Doe 4, and C/O Doe 5 and Warden Willis for allegedly ignoring Plaintiff for an hour after the fire and then denying him medical care for objectively serious smoke-related injuries on November 21, 2023.  Therefore, Count 5 will proceed against these individual defendants.

## Identification of Unknown Defendants

Plaintiff will be allowed to proceed with his claim in Count 5 against Sergeant John Doe 1, Lieutenant John Doe 2, Lieutenant John Doe 3, C/O John Doe 4, and C/O John Doe 5.  However, he must identify these defendants with particularity, so they can be served with this lawsuit.  Plaintiff will have the opportunity to engage in limited discovery to ascertain the identity of these individuals.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009).  The Current Warden of Menard Correctional Center will be added as a defendant, in an official capacity only, for purposes of responding to discovery aimed at identifying them.  Once their names are discovered, Plaintiff must file a motion to substitute the newly identified defendants in place of each unknown defendant.

## Disposition

The Complaint (Doc. 1) survives preliminary review under 28 U.S.C. § 1915A.  The following claims and/or parties will proceed past screening:

- **COUNT 5** will proceed against **SERGEANT JOHN DOE 1, LIEUTENANT JOHN DOE 2, LIEUTENANT JOHN DOE 3, C/O JOHN DOE 4, C/O JOHN DOE 5**, and **WARDEN ANTHONY WILLIS**, in their individual capacities.

- The **CURRENT WARDEN OF MENARD CORRECTIONAL CENTER (official capacity)** is **ADDED** as a defendant for purposes of identifying the unknown defendants according to the Doe Identification Order that will be entered and for implementing any injunctive relief ordered in this case.

However, **COUNTS 1**, **2, 3,** and **4** are **DISMISSED** without prejudice for failure to state a claim against any defendants.

Defendants **ILLINOIS DEPARTMENT OF CORRECTIONS** and **MENARD CORRECTIONAL CENTER** are **DISMISSED** with prejudice, and Defendants **LATOYA HUGHES, WEXFORD HEALTH SOURCES, INC., KELLEY PIERCE, JACOB GUETERSLOH, N.P. MOLDENHAUER, CONNIE DOLCE, NURSE AMANDA, NURSE JANE DOE 1,** and **NURSE JANE DOE 2** are **DISMISSED** without prejudice.

The pending Motion for Status (Doc. 13) is **DISMISSED** as **MOOT**.

With respect to **COUNT 5**, the Clerk of Court shall prepare for Defendants **CURRENT WARDEN OF MENARD CORRECTIONAL CENTER**, in an official capacity only, **WARDEN ANTHONY WILLIS,** and, once identified, **SERGEANT JOHN DOE 1, LIEUTENANT JOHN DOE 2, LIEUTENANT JOHN DOE 3, C/O JOHN DOE 4,** and **C/O JOHN DOE 5**, in their individual capacities: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, the last-known address.  This information shall be used only for sending the forms as directed above

or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues stated in this Merits Review Order. The Current Warden need only appear in this matter.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**The Clerk's Office is DIRECTED to ADD the CURRENT WARDEN OF MENARD CORRECTIONAL CENTER (official capacity only) as a defendant in CM/ECF and TERMINATE all Defendants, except Warden Anthony Willis and John Doe 1-5, as parties in CM/ECF.**

IT IS SO ORDERED.

DATED:  December 1, 2025

                                                     *s/ Staci M. Yandle*
                                                     **Staci M. Yandle**
                                                     **United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**